UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ALI KHALIL,

                               **Plaintiff,**                     **MEMORANDUM AND ORDER**

        -against-                                            06-CV-2638 (NG)

UNITED STATES OF AMERICA, et al.,

                               **Defendants.**
-------------------------------------------------------------x
UNITED STATES OF AMERICA,

                               **Plaintiff,**

        -against-                                            06-CV-3247 (NG)

**ONE HUNDRED FORTY THOUSAND
DOLLARS** *in United States Currency,
and All Proceeds Traceable Thereto,*

                               **Defendant,**

**ALI KHALIL,**

                               **Claimant.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Yesterday evening, the government delivered to Chambers an *ex parte* letter-brief and attached declaration in support of its renewed motion for a stay or limitation of discovery in the above-captioned cases. The government has requested that its entire submission be filed under seal.

      The government's application for a stay is procedurally defective and is denied without prejudice on that basis. The government mistakenly assumes that it is authorized to file *ex*

*parte* its *entire* application for a stay -- including its legal analysis and its discussion of the scope of the relief requested. Neither the statute invoked, nor the judicial opinion cited by the government, permits the filing of a motion for a stay without any notice to opposing counsel. See 18 U.S.C. § 981(g)(5) ("In requesting a stay . . ., the Government may, in appropriate cases, *submit evidence ex parte* in order to avoid disclosing any matter that may adversely affect an ongoing criminal investigation or pending criminal trial.") (emphasis added); United States v. All Funds Deposited in Account No. 20008524845, 162 F.Supp.2d 1325, 1330 (D. Wyo. 2001) (after discussing the general nature of the government's investigation, the court reaffirms the government's right, under section 981(g)(5), to submit *ex parte* "evidence" in the form of "detailed declarations"). Similarly, nothing in the Court's prior ruling authorized the government's *ex parte* submission of its entire *motion*, including counsel's argument. See 10/26/06 Calendar Order at 2 (declining to preclude the government from "filing another request for a stay of discovery, *supported by an ex parte declaration detailing the status of the criminal investigation.*") (emphasis added).

For the foregoing reasons, the government's *ex parte* motion is denied, with leave to file and serve a motion for a stay or for a protective order limiting discovery,[1] supported by an *ex parte* declaration or declarations from persons with knowledge. The government's

---

[1] In connection with any motion for a protective order, the government is reminded of its obligation to confer in good faith with opposing counsel before presenting discovery issues for judicial resolution.

submission of November 2, 2006 will be filed under seal and will not be further considered by the Court.

        **SO ORDERED.**

**Dated:**    Brooklyn, New York
             November 3, 2006

                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**